[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against two (2) bail bondsmen, Davenport Surety Company, Inc., and James J. Carbone CT Page 16807 for fraudulently charging excessive fees in providing the plaintiff with bail to obtain his release from confinement after courts have set bonds for various criminal charges at various times. The claims are fraud, unfair trade practices and violation of G.S. 29-51. The defendant, Davenport Surety Company, Inc., (hereinafter Davenport), has moved for summary judgment. The pertinent allegations from the revised complaint dated May 4, 1998 for said motion is that Davenport provides, as a professional bondsman, surety on $100,000 bond for the plaintiff on March 6, 1989 and charged him and received from him a fee of 10% being $10,000 which fee was fraudulently charged in excess of the fee provided by G.S. 29-51 and that Davenport failed to provide him a receipt for said fee. Davenport in its answer denies an excessive charge and leaves the plaintiff to his proof. In a special defense, Davenport alleges that any such claim is barred by statutes of limitations whether sounding in tort, contrast or criminal status liability. Both parties have filed affidavits. The plaintiff alleges in his affidavit that he began serving his federal sentence on January 10, 1990 in Louisiana and was out of the state until returned to the State of Connecticut from the federal sentence on March 21, 1994. He had reason to believe that Davenport overcharged him in September of 1994 but that requested receipts and documentation from him which he was unable to provide and as result his claim was dismissed.
Summary judgment may not be granted if there is a genuine issue as to any material fact. Connell v. Conwell, 214 Conn. 242,245; State v. Goggin, 208 Conn. 606, 616. Where as here the plaintiff has alleged sufficient facts to raise a genuine issue as to tolling the limitations period by the concealment of his cause of action, the motion must fail. Krondes v. Norwalk SavingsSociety, 53 Conn. App. 102, 114.
For the above reasons the motion for summary judgment is denied.
Corrigan, JTR